## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

### November, 1918.

## PEOPLE ex rel. LAWRENCE MARKS v. HARRY R. KIDNEY.

### (105 Misc. 228.)

HABEAS CORPUS—JURISDICTION OF COURT TO IMPOSE A RESENTENCE—INDICT-
MENT—CRIMINAL LAW.

Relator, having been convicted in this State of a felony, was there-
after upon his plea of guilty to an indictment charging him, as a second
offender, with the crime of rape in the first degree, sentenced to im-
prisonment for twenty years, which would bring about his release during
the prohibited portion of the year. *Held*, that the court had jurisdiction
to impose a resentence of twenty years and ten months.

Habeas Corpus proceedings.

*David E. Harwitz,* for relator.

*Merten E. Lewis, Attorney-General,* by *Henry C. Henderson,
Deputy Attorney-General,* for respondent.

BENEDICT, J.:

The relator, who is confined in the state prison at Auburn,
N. Y., has sued out a writ of habeas corpus, claiming that he
is unlawfully imprisoned because the sentence which he is
serving was beyond the jurisdiction of the court to impose.

Relator was indicted for the offense of rape in the first degree
as a second offense, he having been previously convicted within
this State of an attempt to commit grand larceny. He pleaded
guilty to said indictment, and was first sentenced to imprison-

ment for twenty years. Later it was ascertained that this would bring about his release during the prohibited portion of the year, and he was brought back and resentenced for a period of twenty years and ten months. It is this sentence which, relator contends, was in excess of the sentence which the court had jurisdiction to impose.

I think his contention cannot be sustained. Section 1941 of the Penal Law, among other things, provides: " A person, who, after having been convicted, within this state, of a felony, or an attempt to commit a felony   *   *   *   commits any crime, within this state, is punishable upon conviction of such second offense, as follows:   *   *   *

" 2. If the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

The meaning of this provision is perfectly plain. In the case of rape in the first degree, the maximum penalty for which as a first offense is twenty years (Penal Law, § 2010), a person convicted thereof as a second offense — that is, after having been previously convicted of any felony or attempt to commit a felony — must be sentenced to imprisonment for not less than twenty nor more than forty years. The sentence imposed was within these limits and was therefore a lawful sentence. The relator's contention that the maximum limit of the sentence in this case was twenty years, on the ground that the words " nor more than twice the longest term, prescribed upon a first conviction," in the section above quoted, refer to the longest term prescribed for the crime for which the offender was first convicted, finds no support in the language of the section. It clearly means not less than the longest term, nor more than twice the longest term, prescribed for a first conviction of the crime

of which the offender is convicted as a second offense — in this case rape in the first degree and not attempted grand larceny. The maximum term for attempted grand larceny in the first degree (assuming that that was the degree of attempted grand larceny of which relator was convicted) is five years. (Penal Law, §§ 1295, 261.) Therefore to adopt the relator's construction would lead in this case to the absurd result that relator could not have been sentenced for less than twenty years nor more than ten years.

The writ is, therefore, dismissed and the prisoner remanded.

Writ dismissed.